# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 20-1575V**
**(Not to be Published)**



\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| LARRY KRONINGER, | \* |
| | \* |
| Petitioner, | \* |
| | \* |
| v. | \* |
| | \* |
| | \* |
| SECRETARY OF HEALTH AND | \* |
| HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Chief Special Master Corcoran

Dated: December 16, 2022

Reissued for Public Availability:
January 31, 2023

*Amy C. Gunn*, Simon Law Firm, PC, St. Louis, MO, for Petitioner.

*Alexa Roggenkamp*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING IN PART
## INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On November 12, 2020, Larry Kroninger filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleges that he

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

Pursuant to Vaccine Rule 18(b), this Decision was initially filed on December 16, 2022, and the parties were afforded 14 days to propose redactions. The parties did not propose any redactions. Accordingly, this Decision is reissued in its original form for posting on the court's website.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

suffered injuries, including brachial neuritis (also known as Parsonage-Turner Syndrome) in his right arm after receipt of an influenza vaccine administered on December 12, 2019. Petition (ECF No. 1) at 1.

Petitioner has now filed a motion for an interim award of attorney's fees and costs. Motion, dated Sept. 16, 2022 (ECF No. 25) ("Interim Fees Mot."). It is the first fees request in this case, and is occasioned by counsel's wish to withdraw from representation of Petitioner in the case. *See* ECF No. 23. Petitioner requests a total of $13,246.72 ($6,475.38 in attorney's and paralegal fees, plus $6,771.34 in costs) for the work of his attorneys, Ms. Gunn and Ms. Lenivy, plus a paralegal from May 2020 to September 2022. *Id.* at 1–2. Respondent reacted to the interim fees request on September 30, 2022. *See* Response, dated Sept. 30, 2022 (ECF No. 26) ("Response"). Respondent takes no position on the appropriateness of an interim award, and otherwise defers the calculation of any amount to be awarded to my discretion. Response at 2–3. Petitioner did not file a reply.

For the reasons set forth below, I hereby grant Petitioner's motion in part, awarding fees and costs in the total amount of **$7,496.72.**

## ANALYSIS

### I.    Requests for Interim Attorney's Fees and Costs

I have in prior decisions discussed at length the standards applicable to determining whether to award fees on an interim basis. *Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6–9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.,* No. 13-956V, 2015 WL 6181669, at *5–9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before interim fees or costs may be awarded. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

While there is no presumption of entitlement to interim fees and cost awards, special masters may in their discretion make such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards as when fees are sought in unsuccessful cases (since the matter literally has yet to "succeed"). *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16. Some specific criteria that I have found to be important in determining whether an interim award should be permitted include: 1) if the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; or 3) if the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr.

Apr. 17, 2017). An attorney's withdrawal from a case has been deemed an appropriate circumstance for an interim award (deemed "interim" precisely because the case is still pending, even if present counsel will not be going forward with it).

Because of counsel's withdrawal, I find an interim award is appropriate. Nor do I (at this point) deem the case to have identifiable reasonable basis issues, such that an award could not be permitted, and Respondent has made no argument to the contrary.

## II.    Calculation of Fees

Determining the appropriate amount of a fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. Energy Recovery Special Serv. Dist. V. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates, for all work performed over a three-year period: Amy Gunn (attorney)—$400.00 per hour; Elizabeth Lenivy—$250.00 per hour; and paralegal time billed at a $125.00 per hour rate. Ex. A to Motion (ECF No. 25-1) at 1–2. Ms. Gunn and her associate practice in St. Louis, Missouri, and although I have not identified a decision formally establishing that this should be considered an "in-forum" jurisdiction, St. Louis attorneys have been awarded forum rates in prior cases, and the overall magnitude of the fee component of the award requested is facially reasonable. *See Wojiciechowski v. Sec'y of Health & Hum. Servs.*, 2017 WL 1422643, at *1 n. 3 (Fed. Cl. Spec. Mstr. Mar. 27, 2017). The requested rates are also consistent with the Office of Special Masters' fee schedule for attorneys with experience

3

comparable to those who provided services herein.[3] I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment (including the paralegal time, which was also reasonably incurred, and consistent with existing rate schedules (*see* Ex. A at 4)).

## III.   Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault*, 52 Fed. Cl. at 670; *Perreira*, 27 Fed. Cl. at 34. Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $6,771.34 in costs incurred since the claim's filing, including medical record retrieval costs, filing fee, postage, and expert retainer fees for two professionals (Drs. Brian Callaghan and Fred Rincon) along with an organization identified as "Neurocrit LLC." Ex. A at 2–3. The expert-associated costs total $5,750.00, and thus the lion's share of the requested costs. Petitioner, however (and despite repeated informal requests from my chambers) has not substantiated these costs via provision of a detailed invoice that would assist me in ascertaining the reasonableness of these expenses. Accordingly, I will defer ruling on them until the matter is fully resolved, and will at this time pay only the other litigation-associated costs (which total **$1,021.34**).

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of an interim fees award, I **GRANT IN PART** Petitioner's Motion for an Interim Award of Attorney's Fees and Costs, awarding **$7,496.72**, reflecting $6,475.38 in attorney's fees and $1,021.34 in costs, in the form of a check made jointly payable to Petitioner and his attorney, Ms. Amy Collignon Gunn. I will decide what fees award specific to the expert costs is appropriate at the case's conclusion.

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Dec. 16, 2022).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED.**

Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.