# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 20-1575V
(not to be published)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| LARRY KRONINGER, | * | |
| | * | Chief Special Master Corcoran |
| Petitioner, | * | |
| | * | Filed: March 13, 2023 |
| v. | * | |
| | * | Reissued for Public Availability: |
| SECRETARY OF HEALTH | * | May 1, 2023 |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Larry Kroninger*, Troy, MO, *pro se* Petitioner.

*Alexa Roggenkamp*, U.S. Dep't of Justice, Washington, DC, Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S COSTS[1]

On November 12, 2020, Larry Kroninger filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that he suffered injuries, including brachial neuritis (also known as Parsonage-Turner Syndrome) in his

---

[1] Because this Decision contains a reasoned explanation for my actions in this case, it must be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

Pursuant to Vaccine Rule 18(b), this Decision was initially filed on March 13, 2023, and the parties were afforded 14 days to propose redactions. The parties did not propose any redactions. Accordingly, this Decision is reissued in its original form for posting on the Court's website.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

right arm after receipt of an influenza vaccine administered on December 12, 2019. Petition (ECF No. 1) at 1.

Petitioner previously received an interim award of attorney's fees and costs, reflecting work performed on the matter from May 2020 to September 2022 (when counsel's work on the matter ended prior to my granting of withdrawal). *See* Decision, dated Dec. 16, 2022 (ECF No. 27). As that fees decision indicated, I approved the requested rates as reasonable and paid fees accordingly, but deferred awarding expert costs until the matter was fully resolved, and/or detailed documentation supporting the reasonableness of the expert-associated costs had been provided. *Id.* at 4.

Petitioner has now offered detailed documentation supporting the reasonableness of these costs, which total $5,750.00.[3] I find that the costs requested are reasonable, and will therefore award them in full.

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of a fees award, and based on the foregoing, I hereby **GRANT** Petitioner's request, and award a total of **$5,750.00**, in expert-associated costs, in the form of a check jointly payable to Petitioner and Petitioner's former counsel, Ms. Amy Collignon Gunn. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED.**

Brian H. Corcoran
Chief Special Master

---

[3] On February 14, 2023, Ms. Gunn's paralegal emailed my chambers and provided supplemental documentation detailing the expert-associated costs incurred in this matter. The materials relevant to my determination are attached herewith. *See* Court's Exhibit 1.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

2