# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-1575V
(not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
                                            *
LARRY KRONINGER,                            *      Chief Special Master Corcoran
                                            *
            Petitioner,                     *      Filed: March 16, 2023
                                            *
      v.                                    *      Reissued for Public Availability:
                                            *      May 1, 2023
SECRETARY OF HEALTH                         *
AND HUMAN SERVICES,                         *
                                            *
            Respondent.                     *
                                            *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Larry Kroninger,* Troy, MO, *pro se* Petitioner.

*Alexa Roggenkamp*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION DISMISSING PETITION[1]

On November 12, 2020, Larry Kroninger filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that he suffered injuries, including brachial neuritis (also known as Parsonage-Turner Syndrome) in his

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). This means the Decision will be available to anyone with access to the internet. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

Pursuant to Vaccine Rule 18(b), this Decision was initially filed on March 16, 2023, and the parties were afforded 14 days to propose redactions. The parties did not propose any redactions. Accordingly, this Decision is reissued in its original form for posting on the Court's website.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

suffered injuries, including brachial neuritis (also known as Parsonage-Turner Syndrome) in his right arm after receipt of an influenza vaccine administered on December 12, 2019. Petition (ECF No. 1) at 1. Petitioner was originally represented by counsel, but became *pro se* at the end of 2022.

On December 19, 2022, I issued a Scheduling Order (a copy of which was mailed) directing Petitioner to contact my chambers on or before January 13, 2023, to schedule a status conference to discuss next steps in the case (including the filing of an expert report). (ECF No. 28). Petitioner did not act, so I issued a second Order on January 24, 2023 (a copy of which was mailed), directing Petitioner to contact my chambers immediately. (ECF No. 32). Again, Petitioner did not act, and a third Order (a copy of which was mailed) directing Petitioner to contact my chambers immediately was issued on February 13, 2023. (ECF No. 34). Petitioner has still failed to comply with my Order.

Under Vaccine Rule 21(b), a special master may dismiss a petition for failure of the petitioner to prosecute or comply with any order of the special master. In this case, Petitioner has repeatedly failed during the pendency of this case to respond to the deadlines set by court orders. He also lacks expert supported needed to substantiate his claim. Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. Section 13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet his burden of proof. Therefore, Petitioner's claim cannot succeed and must be dismissed. Section 11(c)(1)(A).

Accordingly, I hereby **DISMISS** Petitioner's case. In the absence of a motion for review filed pursuant to RCFC Appendix B, and pursuant to Vaccine Rule 21(b)(2), the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[3]

**IT IS SO ORDERED.**

Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.